IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GBEKE AWALA, WILLIAM AWALA,  :
and NANCY R. AWALA,          :
                             :
        Plaintiffs,          :
                             :
             v.              :   Civ. Action No. 08-400-JJF
                             :
INTERNATIONAL COURT OF       :
JUSTICE, et al.,             :
                             :
        Defendants.          :

**MEMORANDUM ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that:

Plaintiff is **DENIED** leave to proceed <u>in forma pauperis</u>, for the reasons that follow:

The plaintiff, Gbeke Awala ("Plaintiff"), an inmate at the U.S. Penitentiary Canaan, Waymart, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of Plaintiff's constitutional rights. Plaintiff is a frequent filer in this District and in the past has requested leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Plaintiff did not submit the required $350.00 filing fee and the Court presumes he again seeks <u>in forma pauperis</u> status.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action <u>in forma pauperis</u> if he has three or more times in the past, while incarcerated, brought a civil action or appeal in

federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule".  <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143 (3d Cir. 1997).  An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury.  Also, a prisoner who is not proceeding <u>in forma pauperis</u> may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. 1915(g).

According to the United States Party/Case Index for the Federal Courts, to date, and while a prisoner, Plaintiff has filed over ninety civil actions in various federal district courts across the country, and at least fifty appeals in various federal appellate courts across the country.  Many of those cases have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, while others have been dismissed for Plaintiff's failure to pay the filing fee due to his status of filing more than three cases that were frivolous, malicious, or failed to state a claim upon which relief may be granted.

The cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, are as

follows:  <u>Awala v. New Jersey Dep't of Corr.</u>, No. 05-4899 (3dCir.
Jan. 31, 2007); <u>Awala v. Regional Office Bureau of Prisons</u>, No.
05-5169 (3d Cir. June 5, 2006); <u>Awala v. Federal Pub. Defender</u>,
No. 05-4341 (3d Cir. Apr. 21, 2006); <u>Awala v. Wachovia Corp.</u>, No.
05-3381 (3d Cir. Dec. 8, 2005); <u>Awala v. People Who Want to
Restrict Our First Amendment Rights</u>, No. 05-3863 (3d Cir. Dec. 8,
2005); <u>Awala v. 8 U.S.C. § 1326</u>, C.A. No. 06-012-KAJ (D. Del.
Mar. 17, 2006); <u>Awala v. Stretton</u>, C.A. No. 05-472-KAJ (D. Del.
Mar. 3, 2006); <u>Awala v. U.S. Congress</u>, C.A. No. 05-307-KAJ (D.
Del. Dec. 15, 2005); <u>Awala v. Delaware River and Bay Auth. Police
Dep't</u>, C.A. No. 05-97-KAJ (D. Del. Dec. 15, 2005); <u>Awala v. State
of New Jersey Dep't of Corr.</u>, C.A. No. 05-2362FLW (D.N.J. Aug.
23, 2005); and <u>Awala v. Federal Pub. Defender</u>, C.A. No. 05-CV-
281-KAJ (D. Del. Aug. 5, 2005).  As a result, Plaintiff may not
file another civil action <u>in</u> <u>forma</u> <u>pauperis</u> while incarcerated
unless he was in "imminent danger of serious physical injury" at
the time of the filing of his complaint.  28 U.S.C. § 1915(g);
<u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 311 (3d Cir. 2001).

        In order to invoke the "imminent danger" exception of §
1915(g), an "inmate must make 'specific fact allegations of
ongoing serious injury, or of a pattern of misconduct evidencing
the likelihood of imminent serious physical injury.'"  <u>Johnson v.
Warner</u>, 200 Fed. Appx. 270, 272 (4th Cir. 2006) (quoting <u>Martin v.
Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003)).  Additionally,

-3-

factual allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." <u>See</u> <u>Welch v. Selsky</u>, Civ. No. 9:06-CV-00812 (LEK/DEP), 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."). <u>See</u> <u>also</u> <u>White v. State of Colorado</u>, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger). Moreover, Congress intended that the danger must exist at the time the complaint is filed. Therefore, the "imminent danger" exception does not apply to harms that have already occurred. <u>See</u> <u>Malik v. McGinnis</u>, 293 F.3d 559, 561-62 (2d Cir. 2002) (citing <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 313 (3d Cir. 2001)); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999); <u>Banos v. O'Guin</u>, 144 F.3d 883, 884 (5th Cir. 1998).

Obviously aware of the potential three-strikes bar to his claim, Plaintiff includes the term "imminent danger" in the instant complaint. He filed this action on behalf of his relatives and seeks one billion dollars for acts that occurred in foreign countries, including abduction, kidnaping genocide, and transfer of assets. The instant Complaint speaks to past harm, not to danger at the time it was filed and, therefore, does not invoke the "imminent danger" clause. Plaintiff is not excused from the restrictions under § 1915(g), and he may not proceed <u>in</u>

-4-

forma pauperis.

Additionally, as a non-attorney, Plaintiff may not act as an attorney other individuals.  See In the Matter of Chojecki, Nos. 99-4850, 99-18145, 2000 WL 679000, at *2 (E.D. Pa. May 22, 2000) (citing United States v. Stepard, 876 F. Supp. 214, 215 (D. Ariz. 1994).

For the foregoing reasons, Plaintiff shall, within **thirty** (30) days from the date of this Order, pay the $350.00 filing fee.  William Awala and Nancy R. Awala shall, within **thirty** (30) days from the date of this Order either submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or pay the $350.00 filing fee.  If Plaintiffs do not comply with this Order within the time specified, the Complaint shall be dismissed and the case closed pursuant to 28 U.S.C. § 1915(g).

_July 29, 2008_
DATE

_Joseph J. Farnan_
UNITED STATES DISTRICT JUDGE

-5-